## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTONIO GRAZIANO, *individually and on behalf of all others similarly situated*, | Case No. 26-cv-2073 (LMP/DLM) |
| Plaintiff, | |
| v. | |
| WAGNER SPRAY TECH CORPORATION, | |
| Defendant. | |

| | |
|---|---|
| OMAR SANTANA, *individually and on behalf of all others similarly situated*, | Case No. 26-cv-2097 (LMP/DLM) |
| Plaintiff, | |
| v. | |
| WAGNER SPRAY TECH CORPORATION, | |
| Defendant. | |

| | |
|---|---|
| ERROL COOPER, *individually and on behalf of all others similarly situated*, | Case No. 26-cv-2160 (LMP/DLM) |
| Plaintiff, | |
| v. | |
| WAGNER SPRAY TECH CORPORATION, | |
| Defendant. | |

ASJAD ALI, *individually and on behalf of all others similarly situated*,

                    Plaintiff,

v.

WAGNER SPRAY TECH
CORPORATION,

                    Defendant.

Case No. 26-cv-2568 (LMP/DLM)

Michael Neal Pollack, **Levi & Korsinsky LLP, New York, NY**; and Robert K. Shelquist, **Cuneo Gilbert Flannery & LaDuca LLP, St. Louis Park, MN**, for Plaintiff Antonio Graziano.

Robert K. Shelquist, **Cuneo Gilbert Flannery & LaDuca LLP, St. Louis Park, MN**, for Plaintiff Omar Santana.

Ben Travis, **Ben Travis Law, APC, San Diego, CA**; Melissa S. Weiner and Ryan Thomas Gott, **Pearson Warshaw, LLP, Wayzata, MN**; Rachel Soffin, **Pearson Warshaw, LLP, Sherman Oaks, CA**; and Tyler B. Ewigleben, **Jennings & Earley PLLC, Little Rock, AR**, for Plaintiff Errol Cooper.

Craig Wallace Straub, **Crosner Legal, P.C., Beverly Hills, CA**; and Melissa S. Weiner and Ryan Thomas Gott, **Pearson Warshaw, LLP, Wayzata, MN**, for Plaintiff Asjad Ali.

Anthony W. Finnel, Jr., Bryan K. Washburn, and Michael F. Cockson, **Faegre Drinker Biddle & Reath LLP, Minneapolis, MN**, for Defendant Wagner Spray Tech Corporation.

## ORDER CONSOLIDATING CASES

Plaintiffs in these four cases each bring putative class actions against Defendant Wagner Spray Tech Corporation ("Wagner"), raising products liability claims arising from a recall of certain power steamer products sold by Wagner (the "Power Steamer Recall"). *See generally Graziano v. Wagner Spray Tech Corp.*, No. 26-cv-2073, ECF No. 1 (D. Minn. filed Mar. 27, 2026); *Santana v. Wagner Spray Tech Corp.*, No. 26-cv-2097, ECF No. 1

2

(D. Minn. filed Mar. 31, 2026); *Cooper v. Wagner Spray Tech Corp.*, No. 26-cv-2160, ECF No. 1 (D. Minn. filed Apr. 6, 2026); *Ali v. Wagner Spray Tech Corp.*, No. 26-cv-2568, ECF No. 1 (D. Minn. filed Apr. 1, 2026). These matters are before the Court on the Plaintiffs' motions and the parties' joint stipulations to consolidate these actions. *Graziano*, ECF Nos. 8, 17; *Santana*, ECF Nos. 5, 14; *Cooper*, ECF Nos. 10, 22; *Ali*, ECF No. 17.

Under Rule 42 of the Federal Rules of Civil Procedure, a court may consolidate cases in which the claims and issues share common questions of law or fact. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) (citing Fed. R. Civ. P. 42(a)). Consolidation is appropriate if it helps avoid "unnecessary cost or delay" and furthers judicial economy. *Id.* A district court has "substantial discretion" in deciding whether to consolidate cases. *Hall v. Hall*, 584 U.S. 59, 77 (2018).

Plaintiffs, each individually and on behalf of one or more putative classes, assert substantively similar causes of action against Wagner relating to the Power Steamer Recall. *See Graziano*, ECF No. 1 ¶¶ 64–142; *Santana*, ECF No. 1 ¶¶ 111–203; *Cooper*, ECF No. 1 ¶¶ 125–212; *Ali*, ECF No. 1 ¶¶ 49–107. Because Plaintiffs' claims each arise out of the same underlying factual event, contain overlapping causes of action, and seek to represent the same class of individuals, all of the actions will "involve common questions of law and fact." *Niosi v. Eisner Advisory Grp. LLC*, No. 25-cv-1409 (LMP/DTS), 2025 WL 1502938,

3

at *1 (D. Minn. May 27, 2025) (citation omitted).  Consolidation therefore is appropriate.[1]

*See id.*; Fed. R. Civ. P. 42(a).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in these matters, **IT IS HEREBY ORDERED** that:

1.  Plaintiffs' Motions for Consolidation (*Graziano*, ECF No. 8; *Santana*, ECF No. 5; *Cooper*, ECF No. 10) and the parties' Stipulations to Consolidate Actions (*Graziano*, ECF No. 17; *Santana*, ECF No. 14; *Cooper*, ECF No. 22; *Ali*, ECF No. 17) are **GRANTED**;

2.  *Santana v. Wagner Spray Tech Corporation*, No. 26-cv-2097 (D. Minn.), *Cooper v. Wagner Spray Tech Corporation*, No. 26-cv-2160 (D. Minn.), and *Ali v. Wagner Spray Tech Corporation*, No. 26-cv-2568 (D. Minn.), are consolidated for all purposes with the first-filed case, *Graziano v. Wagner Spray Tech Corporation*, No. 26-cv-2073 (D. Minn.) (collectively, the "Consolidated Action");

3.  The Clerk of Court is directed to change the caption for Case No. 26-cv-2073 to "*In re Wagner Spray Tech Corporation Products Liability Litigation*";

4.  All future pleadings, motions, and other documents in the Consolidated Action shall be filed in and captioned as *In re Wagner Spray Tech Corporation Products Liability Litigation*, No. 26-cv-2073 (D. Minn.);

5.  Any party may file a Notice of Related Action whenever the party believes a case that should be consolidated into the Consolidated Action is filed in, transferred to, or removed to this District;

6.  Any action subsequently filed in, transferred to, or removed to this District that, upon the Court's determination, arises out of the same or similar operative facts as the Consolidated Action will be consolidated with the Consolidated Action for all purposes;

---

[1]    The parties' stipulation to consolidate these cases is "without prejudice to any of [Wagner's] arguments on the merits of Plaintiffs' claims and/or request for certification." *Graziano*, ECF No. 17 at 3.

7.  Within 7 days of the date of this Order, Plaintiffs must confer on a leadership structure and file a motion for appointment of interim class counsel in accordance with Federal Rule of Civil Procedure 23(g);

8.  Within 30 days after the Court enters an order appointing interim class counsel, Plaintiffs must file a Consolidated Class Action Complaint;

9.  Within 45 days after Plaintiffs file a Consolidated Class Action Complaint, Wagner must file either an answer or a motion under Federal Rule of Civil Procedure 12;

10. If Wagner files a Rule 12 motion in response to Plaintiffs' Consolidated Class Action Complaint:

    a.  Plaintiffs may file an Amended Consolidated Class Action Complaint within 30 days after Wagner files its Rule 12 motion;

    b.  If Plaintiffs file an Amended Consolidated Class Action Complaint in response to Wagner's Rule 12 motion, Wagner must file either an answer or a renewed Rule 12 motion within 21 days after Plaintiffs file the Amended Consolidated Class Action Complaint;

    c.  Any response on the merits by Plaintiffs to any Rule 12 motion filed by Wagner must be filed within 30 days after the motion is filed;

    d.  Wagner must file a reply to Plaintiffs' response to any Rule 12 motion within 21 days after Plaintiffs' response is filed;

    e.  Other than the briefing schedule set forth in this Order, the parties' briefing relating to any Rule 12 motion filed by Wagner shall be governed by Local Rule 7.1(c);[2] and

11. The deadlines set forth in this Order will be altered or modified only upon a showing of good cause in accordance with Federal Rule of Civil Procedure 6(b).

Dated: May 27, 2026                         *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge

---

[2]    The parties also are directed to review Judge Laura M. Provinzino's Practice Pointers, found at: https://www.mnd.uscourts.gov/sites/mnd/files/LMP.pdf.