**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE WAGNER SPRAY TECH CORPORATION PRODUCTS LIABILITY LITIGATION | Case No. 26-cv-2073 (LMP/DLM)<br><br>**ORDER** |

Beginning in March 2026, a series of class action lawsuits against Defendant Wagner Spray Tech Corporation ("Wagner") were filed in or transferred to this Court, each asserting statutory and common law claims arising from or relating to a defective Wagner product that was recalled. *See generally Graziano v. Wagner Spray Tech Corp.*, No. 26-cv-2073, ECF No. 1 (D. Minn. filed Mar. 27, 2026); *Santana v. Wagner Spray Tech Corp.*, No. 26-cv-2097, ECF No. 1 (D. Minn. filed Mar. 31, 2026); *Cooper v. Wagner Spray Tech Corp.*, No. 26-cv-2160, ECF No. 1 (D. Minn. filed Apr. 6, 2026); *Ali v. Wagner Spray Tech Corp.*, No. 26-cv-2568, ECF No. 1 (D. Minn. filed Apr. 1, 2026) [collectively, the "Related Actions"]. The Court consolidated these actions on May 27, 2026. ECF No. 20. This matter is now before the Court on Plaintiffs' motion for appointment of interim class counsel. ECF No. 23. Wagner does not oppose Plaintiffs' motion. *See* ECF No. 22 at 1.

**DISCUSSION**

Plaintiffs request the appointment of Robert K. Shelquist of Cuneo Gilbert Flannery & LaDuca LLP, and Melissa S. Weiner of Pearson Warshaw, LLP, as Interim Co-Lead Class Counsel. ECF No. 24 at 7. Plaintiffs also propose the appointment of four additional Interim Class Counsel to serve as an "Executive Committee," consisting of Tyler B. Ewigleben of Jennings & Earley PLLC; Ben Travis of Ben Travis Law, APC;

Leslie Pescia of Siri & Glimstad LLP; and Michael N. Pollack of Levi & Korsinsky, LLP (collectively with Shelquist and Weiner, "Proposed Interim Class Counsel"). *Id.* The Court approves this proposed interim class counsel structure for the reasons below.

## I.  Interim Co-Lead Class Counsel

Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Designating interim counsel is appropriate where "overlapping, duplicative, or competing class suits are pending before a court" and "appointment of interim counsel is necessary to protect the interests of class members." *Niosi v. Eisner Advisory Grp. LLC*, No. 25-cv-1409 (LMP/DTS), 2025 WL 1502938, at *2 (D. Minn. May 27, 2025) (citation omitted). The Court considers the proposed class counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources. *Id.*; *see* Fed. R. Civ. P. 23(g)(1)(A). Although Rule 23(g) does not specifically contemplate co-lead counsel structures, "it is not unusual for multiple firms to serve as interim co-lead counsel." *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-1610, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020) (collecting cases); *see* Manual for Complex Litigation § 10.221 (4th ed., Aug. 2025 update) (noting that the "functions of lead counsel may be divided among several attorneys"). This is particularly so "where a case is complex, involves many potential class members, and the proposed co-lead counsel can work harmoniously." *Niosi*, 2025 WL 1502938, at *2 (collecting cases).

Having reviewed the materials submitted in support of Plaintiffs' motion, and given the complex nature of this case, appointment of interim co-lead class counsel is appropriate here. The Proposed Interim Class Counsel, along with their respective law firms, have diligently identified and investigated the claims underlying the Related Actions, have extensive experience with litigating consumer and product liability class actions, and have the resources to effectively litigate this consolidated action. ECF No. 24 at 5–20. The Proposed Interim Class Counsel represent that they "are operating as a cohesive, well-organized group" and "will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible." *Id.* at 6. And the Court is assured that Shelquist and Weiner, both of whom are particularly experienced with consumer and products liability class actions, *id.* at 7–15, are capable of serving as interim co-lead class counsel. Accordingly, Plaintiffs' request to appoint Shelquist and Weiner as interim co-lead class counsel is granted.

## II.    Executive Committee

Executive committees "are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." Manual for Complex Litigation § 10.221 (4th ed., Aug. 2025 update). Because such committees "can sometimes lead to substantially increased costs," it is important that they "avoid unnecessary duplication of efforts and control fees and expenses." *Id.* Ultimately, when appointing interim class counsel and assigning responsibilities to those attorneys, the most important factor is "achieving efficiency and economy without jeopardizing fairness to the parties." *Id.* The Court also gives "due consideration to the

preferences expressed by the parties themselves, through their counsel." *In re Aluminum Phosphide Antitrust Litig.*, No. Civ. A. 93-2452-KHV, 1994 WL 481847, at *5 (D. Kan. May 17, 1994).

Although it does not appear, and Plaintiffs do not argue, that Plaintiffs' "interests and positions" in this litigation are "dissimilar," the Court acknowledges that the Related Actions involve overlapping, but not wholly identical, statutory and common law claims under the law of at least four different states. *See Graziano*, No. 26-cv-2073, ECF No. 1 ¶¶ 64–142 (New York and Minnesota); *Santana*, No. 26-cv-2097, ECF No. 1 ¶¶ 111–203 (California and other states); *Cooper*, No. 26-cv-2160, ECF No. 1 ¶¶ 125–212 (California and other states); *Ali*, No. 26-cv-2568, ECF No. 1 ¶¶ 49–107 (Illinois). As such, the putative class members in the Related Actions will likely benefit from the existence of an Executive Committee whose members can provide "representation in decision making" as it relates to any differences in the substantive law underlying their claims. Manual for Complex Litigation § 10.221 (4th ed., Aug. 2025 update).

In addition, the Proposed Interim Class Counsel represent that they have "extensive experience working with one another" and have "developed working relationships in this and other litigation." ECF No. 24 at 22. And while they candidly acknowledge they "have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees or any other matter," they "have already discussed how to best organize to effectively use their . . . diverse skills and unique experiences for the case's prosecution and management, while avoiding unnecessary and duplicative billing." *Id.* at 22–23.

With these considerations in mind, the Court tentatively appoints attorneys Ewigleben, Travis, Pescia, and Pollack as interim class counsel for the purpose of serving as an Executive Committee. The Court does not doubt the capability and expertise of these attorneys or their commitment to zealous and effective representation of the putative class members. However, the Court expects the Proposed Interim Class Counsel to present a more detailed plan to "control fees and expenses" if and when Plaintiffs formally move for class certification. Manual for Complex Litigation § 10.221 (4th ed., Aug. 2025 update).

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Appointment of Interim Class Counsel (ECF No. 21) is **GRANTED** as follows:

1. Robert K. Shelquist of Cuneo Gilbert Flannery & LaDuca LLP, and Melissa S. Weiner of Pearson Warshaw, LLP, are appointed as Interim Co-Lead Class Counsel for Plaintiffs; and

2. Tyler B. Ewigleben of Jennings & Earley PLLC; Ben Travis of Ben Travis Law, APC; Leslie Pescia of Siri & Glimstad LLP; and Michael N. Pollack of Levi & Korsinsky, LLP, are appointed to the Executive Committee as Interim Class Counsel for Plaintiffs.


Dated: June 25, 2026                    _s/Laura M. Provinzino_
                                        Laura M. Provinzino
                                        United States District Judge

5